## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**KATHERINE VEGA,**

     **Plaintiff,**

**vs.**                        **CASE NO.:**

**NEW HOME STAR FLORIDA,**
**LLC, and MARONDA HOMES,**
**LLC OF FLORIDA,**

     **Defendants.**           /

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KATHERINE VEGA, by and through the undersigned attorney, sues the Defendants, NEW HOME STAR FLORIDA, LLC ("New Home Star"), and MARONDA HOMES, LLC OF FLORIDA ("Maronda Homes"), and alleges:

1.    Plaintiff was an employee of Defendants and brings this action against Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201, *et. al.*; gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760, *et. seq.*; and violations of Florida's Private Whistleblower Act ("FPWA"), Florida Statute §§ 448.102.

### PARTIES

2.    Plaintiff is an adult individual who resides in Hernando County, Florida.

1

3.     Plaintiff worked for Defendants as a licensed real estate agent in Hernando County, Florida.

4.     Defendant, New Home Star, is a Florida Limited Liability Company who employed Plaintiff in Hernando County, Florida.

5.     Defendant, New Home Star, is a new home sales management firm that "recruit(s), develop(s), and manage(s) elite sales teams for [new home] builders across North America." *See* New Home Star, About Us, available at https://www.newhomestar.com/company/about.

6.     Defendant, Maronda Homes, is a Florida Limited Liability Company who employed Plaintiff in Hernando County, Florida.

7.     Defendant, Maronda Homes, is a national new-construction home builder that constructs homes in, among other states, Florida. *See* Maronda Homes, available at https://www.marondahomes.com/.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over Plaintiff's FLSA and Title VII claims under 28 U.S.C. § 1331.

9.     Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' FRCA and FPWA claims as the claims are so related to Plaintiffs' FLSA and Title VII claims that they form part of the same case or controversy.

10.    Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), on June 1, 2021. On November 18, 2022, the EEOC issued its right-to-sue letter.   Therefore, Plaintiff's complaint is being filed within 90 days of Plaintiff receiving her right-to-sue letter.

## GENERAL ALLEGATIONS

11.    Defendant, New Home Star, and Defendant, Maronda Homes, jointly employed Plaintiff from approximately November 2017 to March 15, 2021.

12.    Plaintiff worked for Defendants as a licensed new home sales agent specializing in the sale of Maronda Homes' new-construction homes.

13.    At all times material to this action, Defendant, New Home Star, was an "employer" of Plaintiff as that term is defined under the FLSA, Title VII, the FCRA, and the FPWA.

14.     At all times material to this action, Defendant, Maronda Homes, was an "employer" of Plaintiff as that term is defined under the FLSA, Title VII, the FCRA, and the FPWA.

15.    At all times material to this action, Plaintiff was an "employee" of Defendants as that term is defined under the FLSA, Title VII, the FCRA, and the FPWA.

16.     Defendants constitute joint employers under the FLSA because they (1) exercised control of Plaintiff's work; (2) supervised Plaintiff's work, directly or indirectly; (3) had the right, directly or indirectly, to hire, fire, or modify Plaintiff's employment conditions; (4) had the power to determine the Plaintiff's pay rates or methods of payment; (5) prepared payroll and payment of Plaintiff's wages; (6) owned the facilities where Plaintiff worked; (7) Plaintiff performed a job integral to the Defendants' end product; and (8) Defendants invested in equipment and facilities necessary for Plaintiff to perform her work. 29 U.S.C.A. § 203.

17.     Defendants constitute joint employers under Title VII, the FCRA, and the FPWA because both entities retained significant control over the terms and conditions of Plaintiff's employment. 42 U.S.C.A. § 2000e(b).

## FLSA OVERTIME VIOLATIONS

18.     This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

19.     During Plaintiff's employment with Defendants, Defendant, New Home Star, employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

4

20.     Included in such goods, materials and supplies were telephones, computers, office equipment, construction tools, and other items which originated from outside the state of Florida.

21.     Likewise, during Plaintiff's employment with Defendants, Defendant, Maronda Homes, employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

22.     Included in such goods, materials and supplies were telephones, computers, office equipment, construction tools, and other items which originated from outside the state of Florida.

23.     Therefore, Defendant, New Home Star, is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

24.     Likewise, Defendant, Maronda Homes, is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

25.     Additionally, Plaintiff was engaged in interstate commerce during her employment with Defendants as a result of placing phone calls and exchanging e-mails which left the state of Florida.

26.     At all times material to this action, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked pursuant to the FLSA.

27. Plaintiff exclusively worked in a Maronda Homes' "model home" in one of Maronda Homes' new construction communities, which is Defendants' place of business.

28. During Plaintiff employment with Defendants, Plaintiff was paid on a commission basis.

29. Plaintiff regularly worked over forty (40) hours per week.

30. Plaintiff never received overtime compensation for overtime hours worked.

31. Plaintiff was improperly classified as an independent contractor.

32. Plaintiff does not qualify as an independent contractor because:

    a. Defendants controlled the manner in which Plaintiff's work was performed;

    b. Plaintiff did not invest in the equipment and materials required to perform her work;

    c. Defendants set and controlled Plaintiff's work schedule on a day-to-day basis;

    d. Defendants exercised significant control over the manner in which Plaintiff performed her job duties, including providing training and seminars regarding the sales techniques they required Plaintiff to use;

      e.  Plaintiff's employment with Defendants was lengthy in nature; and

      f.  Plaintiff's work was integral to Defendants' business.

33.   Plaintiff should have been classified as a non-exempt employee entitled to overtime compensation and paid time-and-one-half her regular rate of pay for all overtime hours worked.

34.   Based upon the above policies, Defendants violated the FLSA by failing to pay complete overtime pay for each hour worked over forty (40) per week.

35.   Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

36.   Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

37.   All conditions precedent to this action have been performed or waived.

## GENDER DISCRIMINATION IN VIOLATION OF
## TITLE VII AND THE FCRA

38.   At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of Title VII and the FCRA.

39.     At all times material to this action, Defendants were and continue to be an "employer" within the meaning of Title VII and the FCRA.

40.     Defendants also constitute employers as defined by Title VII and the FCRA, as they employed over 15 employees for over twenty calendar weeks in each year relevant to this action.

41.     Plaintiff is a female and, as such, is a member of a protected class under Title VII and the FCRA.

42.     Defendants discriminated against Plaintiff in the payment of her commissions and preferentially compensated Plaintiff's male colleagues.

43.     Specifically, on or about March 2019, Plaintiff had a prospective customer she was working with who became interested in a particular model that her subdivision did not have.

44.     Plaintiff gave the prospective customer information on where to view that particular model in another Maronda Homes community.

45.     After the prospective customer viewed the model, the customer decided to purchase and Plaintiff earned commission as a result of the same.

46.     Three male sales agents (Jay Umbogh, Michael Clark, and Ron Wolfgang) who were recently hired in the other community improperly believed they should receive a portion of her commission given the customer viewed the model home they worked out of.

47.    Plaintiff objected to sharing her commission given she was responsible for the sale, not the other agents.

48.    Plaintiff's former supervisor, Reed Fisher, told Plaintiff she "was being greedy" and "the guys need to eat too."

49.    On or about July 2020, there were three sales Plaintiff made along with her partner, Aaron Tam.

50.    Plaintiff's supervisor, Jeff Satterfield, attempted to siphon a portion of Plaintiff's commissions to two new sales agents (Laura Gorbe and Arielle Rios) in her community.

51.    Plaintiff objected to same given those agents were not responsible for those three sales, but also because Mr. Satterfield only targeted her portion of the commission and not her male partner's.

52.    After Mr. Satterfield refused to budge, Plaintiff had to lodge a formal complaint against him to recover her commissions she was rightfully entitled to.

53.    Around September 24, 2020, Mr. Satterfield siphoned approximately $7,000 of Plaintiff's commissions from her and distributed her commissions to two male sales agents, in violation of Defendants' cross-selling policy.

54.     On February 4 and February 7, 2021, co-worker, Michael Clark, stole customers from Plaintiff. Plaintiff complained to Mr. Satterfield and Mr. Satterfield's supervisor, Cliff Foster, but nothing was done.

55.     While Plaintiff and Mark Devasto had an agreement to share commissions for sales made jointly; on or about early 2021, Mr. Satterfield began requiring Plaintiff to share commissions with Mark that she and Mark had not previously agreed to split.

## RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY

### A.   Maronda Homes' Violations of Florida Statute § 553.912

56.     On or about January, 2019, Plaintiff jointly purchased a Maronda Homes property along with her daughter, Sophia Vega.

57.     The home Plaintiff purchased requires a three (3) ton HVAC unit, as dictated by the air conditioning load calculation for her particular unit.

58.     However, her unit did not come with a 3 ton unit. Rather, it came with a 2.5 ton unit.

59.     Florida Statute § 553.912 requires that all new installations of HVAC units meet certain minimum efficiency ratings as defined by the Florida Energy Efficiency Code for Building Construction.

60.     Builders are required to perform an equipment sizing analysis based on a nationally recognized method based sizing calculation and then

10

submit those calculations for approval to the code official at the time of permit application. *See* Section 101.4.7, Florida Building Code, Energy Conservation.

61.    During her employment, Plaintiff learned that Maronda Homes had been engaged in a conspiracy to defraud its customers by intentionally inputting fraudulent data points into their sizing analysis such that the analysis will generate a sizing calculation that would allow Maronda Homes to get permission to install a smaller HVAC unit. For example, inputting that two people intend to occupy the home when four people intend to occupy the home, or inputting that the home has blinds when it does not.

62.    Based on information, One Stop Cooling informed Maronda Homes that installing these smaller units were not up to code and Maronda Homes told One Stop Cooling to "make it work."

63.    Due to the improperly sized unit, Plaintiff's home and the homes of many other buyers in the community became plagued with mold and mildew due to excess moisture in the home.

64.    Plaintiff made claims with Maronda Homes' warranty department, but to no avail.

65.    Maronda Homes expressed no sense of urgency or interest in correcting the issues.

66.    Plaintiff was concerned as both a consumer and Sales Agent of Maronda Homes, knowing others purchased homes with improperly sized units and were likely facing similar issues.

67.    Plaintiff raised her complaints with Mr. Satterfield, Peter Feola, and Matthew Daniels.

68.    Defendant, Maronda Homes, took no action on Plaintiff's complaint to Mrs. Satterfieled, Feola, and Daniels.

**B.    <u>Plaintiff's Formal Complaint and Resulting Termination</u>**

69.    After working countless hours without overtime compensation, discriminatory pay practices, and complaints of illegal conduct being ignored, Plaintiff felt like she had no choice but to lodge a formal complaint.

70.    On March 2, 2021, Plaintiff sent a letter to Maronda Homes President, Scott Howard, Maronda Homes Human Resources, and New Home Star Human Resources.

71.    In the letter, Plaintiff raised complaints regarding unpaid overtime compensation, gender discrimination in the payment of her commissions, and violations of Florida Statute § 553.912.

72.    Plaintiff urged Maronda Homes to conform their conduct to the law so that, as a Sales Agent, she would not be involved in their fraudulent and illegal business practices.

73.   Two days later, on March 4, 2021, Mr. Howard responded to Plaintiff's letter by email. His email stated: "There are several paths that this could have been communicated rather than choosing a method of multiple accusations."

74.   Defendants made no effort to investigate Plaintiff's complaints.

75.   Less than two weeks later, on March 15, 2021, Nate Amidon and Cliff Foster from New Home Star met Plaintiff at the model home where she worked.

76.   Mr. Amidon and Mr. Foster informed Plaintiff that Mr. Howard was outraged by her letter and made the decision to terminate her employment effective immediately.

77.   Maronda Homes' explanation was that because she did not feel comfortable engaging in illegal activity on behalf of Maronda, Maronda had no choice but to fire her.

78.   Thereafter, on April 16, 2021, New Home Star terminated Plaintiff for "making false allegations against both New Home Star and [New Home Star's] builder client."

79.   Defendants' termination of Plaintiff constitutes retaliation in violation of the FLSA, Title VII, the FCRA, and the FPWA.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION (FLSA)

80.    Paragraphs one (1) through seventy-nine (79) above are fully realleged and incorporated herein.

81.    Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

82.    During her employment with Defendants, Plaintiff was not paid for all time worked as described above which resulted in Plaintiff not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

83.    As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

84.    Defendants did not have a good faith basis for its failure to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week.

85.    As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

86.    Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

87.   Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the FLSA.

WHEREFORE, Plaintiff, KATHERINE VEGA, demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RETALIATION IN VIOLATION OF §215(a)(3) OF THE FLSA

88.   Paragraphs one (1) through seventy-nine (79) above are fully realleged and incorporated herein.

89.   Plaintiff complained regarding her unpaid overtime wages and Defendants' policies that violate the FLSA.

90.   Shortly after Plaintiff's complaints, Defendants terminated Plaintiff.

91.   Defendants' termination of Plaintiff was in retaliation for complaining about violations of the FLSA.

92.   Defendants' retaliatory conduct towards Plaintiff was willful as Defendants knew or should have known that its actions were in violation of 29 U.S.C. §215(a)(3).

93.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been damaged.

94.     Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

95.     Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the FLSA.

WHEREFORE, Plaintiff, KATEHRINE VEGA, demands judgment against Defendants for violation of 29 U.S.C. §215(a)(3); as well as back pay, front pay, compensatory damages, liquidated damages, reasonable costs and attorneys' fees, and all other equitable relief this Court deems just and appropriate.

## COUNT III – VIOLATIONS OF TITLE VII – GENDER DISCRIMINATION

96.     Paragraphs one (1) through seventy-nine (79) above are fully realleged and incorporated herein.

97.     Plaintiff is protected by Title VII due to her gender.

98.     By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on the basis of her gender in violation of Title VII.

99.     Defendants knew or should have known of the discrimination.

16

100.   The above discrimination was done by Defendants with reckless disregard for Plaintiff's rights under federal law.

101.   As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including, back pay and benefits; interest on back pay and benefits; front pay and benefits; compensatory damages for emotional pain and suffering; injunctive relief; prejudgment interest; costs and attorney's fees; and such other relief as the Court may deem just and proper.

## COUNT IV – RETALIATION UNDER TITLE VII

102.   Paragraphs one (1) through seventy-nine (79) above are fully realleged and incorporated herein.

103.   Plaintiff is protected by Title VII due to her gender.

104.   Defendant sretaliated against Plaintiff because she exercised her rights under Title VII by complaining about the gender discrimination she was enduring.

105.   Defendants had actual knowledge of the discriminatory conduct of Plaintiff's supervisors.

17

106.   Defendants' acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

107.   Defendants' retaliatory acts and omissions occurred, at least in part, because of Plaintiff's complaints regarding gender discrimination.

108.   Defendants' conduct violated Plaintiff's right to be free from retaliation as guaranteed by Title VII.

109.   As a direct, natural, proximate and foreseeable result of the actions of Defendants, Plaintiff has suffered harm for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

110.   Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

111.   Defendants' violations of Title VII were willful.

112.   Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

113.   Plaintiff is entitled to recover her attorneys' fees and costs pursuant to Title VII.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and

18

equitable relief allowed by law including, back pay and benefits; interest on back pay and benefits; front pay and benefits; compensatory damages for emotional pain and suffering; injunctive relief; prejudgment interest; costs and attorney's fees; and such other relief as the Court may deem just and proper.

**COUNT V – VIOLATIONS OF THE FCRA –
GENDER DISCRIMINATION**

114.   Paragraphs one (1) through seventy-nine (79) above are fully realleged and incorporated herein.

115.   Plaintiff is protected by the FCRA due to her gender.

116.   By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on the basis of her gender in violation of the FCRA.

117.   Defendants knew or should have known of the discrimination.

118.   The above discrimination was done by Defendants with reckless disregard for Plaintiff's rights under state law.

119.   As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including, back pay and benefits; interest on

back pay and benefits; front pay and benefits; compensatory damages for emotional pain and suffering; injunctive relief; prejudgment interest; costs and attorney's fees; and such other relief as the Court may deem just and proper.

## COUNT VI – RETALIATION UNDER THE FCRA

120.   Paragraphs one (1) through seventy-nine (79) above are fully realleged and incorporated herein.

121.   Plaintiff is protected by the FCRA due to her gender.

122.   Defendant retaliated against Plaintiff because she exercised her rights under the FCRA by complaining about the gender discrimination she was enduring.

123.   Defendants had actual knowledge of the discriminatory conduct of Plaintiff's supervisors.

124.   Defendants' acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

125.   Defendants' retaliatory acts and omissions occurred, at least in part, because of Plaintiff's complaints regarding gender discrimination.

126.   Defendants' conduct violated Plaintiff's right to be free from retaliation as guaranteed by the FCRA.

127.   As a direct, natural, proximate and foreseeable result of the actions of Defendants, Plaintiff has suffered harm for which she is entitled to

compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

128.   Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

129.   Defendants' violations of the FCRA were willful.

130.   Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

131.   Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the FCRA.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including, back pay and benefits; interest on back pay and benefits; front pay and benefits; compensatory damages for emotional pain and suffering; injunctive relief; prejudgment interest; costs and attorney's fees; and such other relief as the Court may deem just and proper.

## COUNT VII – VIOLATIONS OF THE FPWA

132.   Paragraphs one (1) through seventy-nine (79) above are fully realleged and incorporated herein.

133.   Plaintiff was an employee of Defendants as the term is defined

21

pursuant to Fla. Stat. Ann. § 448.101(2).

134.   Defendants were Plaintiff's employer, as the term is defined pursuant to Fla. Stat. Ann. § 448.101(3).

135.   Plaintiff participated in statutorily protected activity by objecting to a policy or practice of Defendants which is in violation of a law, rule, or regulation.

136.   Defendants thereafter terminated Plaintiff in retaliation for engaging in protected activity.

137.   At the time Plaintiff engaged in protected activity she had a good faith, objectively reasonable belief that her activity was protected by statute.

138.   Defendants' explanation for Plaintiff's termination evidences its retaliatory intent and/or is a pretext for retaliation.

139.   As a result of Defendants' unlawful conduct, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

140.   Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

141.   Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the FPWA.

WHEREFORE, Plaintiff, KATHERINE VEGA, demands judgment against Defendants for the payment of back pay and benefits, interest on back

pay, front pay and/or lost earning capacity, compensatory damages, costs and attorneys' fees, and any and all further relief that this Court determines to be just and appropriate.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial for all issues.


Dated: <u>January 13, 2023</u>

**/s/ Gregory R. Schmitz**
GREGORY R. SCHMITZ, ESQ.
Florida Bar No.:  0094694
JOLIE N. PAVLOS, ESQ.
Florida Bar No.: 0125571
20 North Orange Avenue, Suite 1400
Orlando, Florida 32801
Telephone:  (407) 204-2170
Facsimile:  (407) 563-9986
E-mail: gschmitz@forthepeople.com
jpavlos@forthepeople.com
mbarreiro@forthepeople.com