UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KATHERINE VEGA,**

    **Plaintiff,**

**v.**                                               Case No: 8:23-cv-00094-MSS-AEP

**NEW HOME STAR FLORIDA, LLC,
and MARONDA HOMES, LLC OF
FLORIDA,**

    **Defendants.**

_____/

**ORDER**

    **THIS CAUSE** comes before the Court for consideration of Defendant New Home Star Florida, LLC's Motion to Dismiss, (Dkt. 23), Defendant Maronda Homes, LLC of Florida's Motion to Dismiss, (Dkt. 33), and Plaintiff's responses in opposition thereto. (Dkt. 26, 36) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court hereby **ORDERS** as follows.

    **I.**    **BACKGROUND**

    Plaintiff Katherina Vega initiated this action against Defendants New Home Star Florida, LLC, and Maronda Homes, LLC of Florida, on January 13, 2023. (Dkt. 1) She filed the Amended Complaint on May 2, 2023. (Dkt. 16) In the Amended Complaint, Plaintiff alleges the following facts. Defendant New Home Star is a new home sales management firm which recruits, develops, and manages sales teams for new home builders. (Id. at ¶ 5) Defendant Maronda Homes is a national new-

construction home builder that builds homes in Florida and other states. (Id. at ¶ 8) Defendants jointly employed Plaintiff from November 2017 until March 15, 2021, as a new home sales agent specializing in the sale of Maronda Homes's new-construction homes. (Id. at ¶¶ 15–16) Defendant Maronda Homes provided the job site at which Plaintiff worked, provided her with office supplies and marketing materials (including business cards with Defendant Maronda Homes's logo), required Plaintiff to attend mandatory meetings, trainings, and classes, evaluated Plaintiff's work, and had the power to hire or fire Plaintiff. (Id. at ¶ 23) Similarly, Defendant New Home Star prepared Plaintiff's payment of wages, required Plaintiff to attend weekly meetings, trainings, and classes, evaluated Plaintiff's work, and had the power to hire or fire Plaintiff. (Id. at ¶ 22)

While employed by Defendant Maronda Homes, Plaintiff alleges she worked in a model home within one of Defendant Maronda Homes's new-construction communities. (Id. at ¶ 33) Defendants paid her on a commission basis. (Id. at ¶ 34) She regularly worked over forty hours per week and never received overtime compensation for hours she worked overtime. (Id. at ¶ 35–36) Defendants improperly classified Plaintiff as an independent contractor. (Id. at ¶ 38) She claims her classification was improper because Defendants controlled the manner in which she performed her work through trainings and seminars about required sales techniques. (Id.) She did not invest in the equipment and materials required to perform her work. (Id.) Defendants set and controlled Plaintiff's work schedule on a day-to-day basis and required her to perform her work from a specified location each day. (Id.)

Additionally, Plaintiff's employment with Defendants was lengthy in nature, and her work was integral to Defendants' business. (Id.)

In March 2019, Plaintiff alleges she was working with a prospective buyer of a Maronda Homes home. (Id. at ¶ 51) This customer was interested in a model of construction that was not available in the Maronda Homes community in which Plaintiff was based. (Id.) Plaintiff directed the customer to a different Maronda Homes community where the customer could view the model he or she was interested in. (Id. at ¶ 52) The customer decided to purchase a home in a Maronda Homes community, and Plaintiff earned commission as a result. (Id. at ¶ 53) Three male agents who worked in the community that contained the model the customer wished to view believed they should receive a portion of the commission from the sale. (Id. at ¶ 54) Plaintiff objected to sharing her commission. (Id. at ¶ 55) Plaintiff's supervisor at the time responded that Plaintiff "was being greedy" and "the guys need to eat too." (Id. at ¶ 56)

In July 2020, Plaintiff closed three sales with her partner, Aaron Tam. (Id. at ¶ 57) Plaintiff's supervisor, Jeff Satterfields, tried to siphon a portion of Plaintiff's commissions from these sales to two new sales agents in her community, Laura Gorbe and Arielle Rios. (Id. at ¶ 58) Satterfield never tried to siphon a portion of Aaron Tam's commissions from these July 2020 sales to other sales agents in the community. (Id. at ¶ 59) Plaintiff objected to sharing her commissions, and, after she filed a formal complaint against Satterfield, she recovered the commissions. (Id. at ¶¶ 59–60)

In September 2020, Satterfield siphoned approximately $7,000 of Plaintiff's commissions and distributed the funds to two male sales agents. (Id. at ¶ 61) This action violated Defendants' cross-selling policy. (Id.)

On February 4 and February 7, 2021, Plaintiff's co-worker, Michael Clark, poached customers from Plaintiff. (Id. at ¶ 62) Although Plaintiff complained to Satterfield and Satterfield's supervisor, Cliff Foster, Clarke was not reprimanded. (Id.)

Plaintiff and an individual named Mark Devasto agreed to share commissions for sales they made jointly. (Id. at ¶ 63) In early 2021, Satterfield began to require Plaintiff share commissions with Devasto that she and Devasto had not agreed to share. (Id.)

During her employment, Plaintiff claims she learned Defendant Maronda Homes intentionally installed HVAC units in homes which were too small to properly service the homes. (Id. at ¶¶ 67–69) She alleges this practice violated Florida Statutes and the Florida Energy Efficient Code for Building Construction. (Id.) Section 553.912, Florida Statutes, requires that all new installations of HVAC units meet certain minimum efficiency ratings as defined by the Florida Energy Efficiency Code for Building Construction. (Id. at ¶ 67) According to the Florida Building Code, builders must perform an equipment sizing analysis based on a nationally recognized, method-based sizing calculation. (Id. At ¶ 68) Builders must then submit those calculations for approval to the code official at the time of permit application. (Id.)

Plaintiff claims she learned that Defendant Maronda Homes intentionally and fraudulently input data points in their sizing analyses. (Id. at ¶ 69) This practice

4

produces sizing calculations that indicate smaller HVAC units satisfy the Florida Building Code. (Id.) In reality, Plaintiff alleges the smaller HVAC units do not efficiently service the home. (Id.) For example, Plaintiff alleges Defendant Maronda Homes would input that two people intended to occupy the home when four people intended to occupy the home, or that the home had blinds, when it did not, or that it had fewer windows than it did. (Id.) One Stop Cooling informed Defendant Maronda Homes that installing these smaller units does not satisfy the Florida Building Code. (Id. at ¶ 70) Defendant Maronda Homes told One Stop Cooling to "make it work." (Id.) A consequence of installing a smaller unit under these circumstances is excess moisture in the home, which causes mold and mildew. (Id. at ¶ 71) Additionally, the air conditioners will break down quicker because they are overloaded. (Id.)

In January 2019, Plaintiff purchased a Maronda Homes property jointly with her daughter. (Id. at ¶ 64) The home they purchased requires a three-ton HVAC unit according to the air conditioning load calculation for the home. (Id. at ¶ 65) But Plaintiff's home was not equipped with a three-ton unit; instead, it contained a two-and-a-half-ton unit. (Id. at ¶ 66)

Plaintiff made claims with Defendant Maronda Homes's warranty department, but Defendant Maronda Homes never corrected the issue. (Id. at ¶ 72) Concerned that other Maronda Homes consumers were facing the same problem, Plaintiff raised her complaints to Satterfield, Peter Feola, and Matthew Daniels. (Id. at ¶ 74–75) Defendant Maronda Homes took no action on her complaint to Satterfield, Feola, and Daniels. (Id. at 76)

5

On March 2, 2021, Plaintiff sent a letter to Defendant Maronda Homes's President, Scott Howard, as well as Defendant Maronda Homes's Human Resources Department, and Defendant New Home Star Human Resources Department. (Id. at ¶ 78) In the letter, Plaintiff stated her complaints regarding unpaid overtime compensation, gender discrimination in the payment of her commissions, and the violations of Florida Statutes § 553.912. (Id. at ¶ 79) Plaintiff urged Defendants to conform their conduct to the law and stated that she would not participate in fraudulent and illegal business practices. (Id. at ¶ 80)

Defendants did not investigate Plaintiff's complaints. (Id. at ¶ 82–83) On March 15, 2021, Nate Amidon and Cliff Foster, employees of Defendant New Home Star, met Plaintiff at the Maronda Homes model home where she worked. (Id. at ¶ 84) Amidon and Foster informed Plaintiff of Defendant Maronda Homes's President, Scott Howard's decision to terminate her employment, effective immediately. (Id. at ¶ 85) On April 16, 2021, Defendant New Home Star terminated Plaintiff for "making false allegations against both New Home Star and [New Home Star's] builder client." (Id. at ¶ 87)

Based on these allegations, Plaintiff asserts eight counts against Defendants: failure to pay overtime compensation under the Fair Labor Standards Act (the "FLSA"); retaliation in violation of the FLSA; gender discrimination under Title VII of the Civil Rights Act; retaliation under Title VII; gender discrimination under the Florida Civil Rights Act (the "FCRA"); retaliation under the FCRA; violation of the Florida Private Whistleblowers Act (the "FPWA"); and violation of the Equal Pay

Act (the "EPA"). (Dkt. 16) Both Defendants move to dismiss the Amended Complaint because they contend it is a shotgun pleading. (Dkt. 23 at 4–9; Dkt. 33 at 4–8) Defendant New Home Star also argues Plaintiff fails to allege sufficient facts to state her FLSA claim for unpaid overtime compensation, her claims for gender discrimination under Title VII and the FCRA, her FPWA claim, and her EPA claim. Additionally, Defendant New Home Star asserts Plaintiff's FLSA, Title VII, FCRA, and EPA claims are untimely. Neither Defendant moves to dismiss Count II, Count IV, or Count VI of the Amended Complaint, which assert Defendants retaliated against Plaintiff in violation of the FLSA, Title VII, and the FCRA.

## II.   LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must meet an exceedingly low threshold of sufficiency. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560-64 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 545). To evaluate the

7

sufficiency of a complaint, a court must accept the well pleaded facts as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994-95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

### III.   DISCUSSION

#### a. Shotgun Pleading

Defendants New Home Star and Maronda Homes assert the Amended Complaint should be dismissed because it is a shotgun pleading. "Shotgun pleadings violate Rule 8, which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' by fail[ing] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018). A complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" is a shotgun pleading. Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322 (11th Cir. 2015).

The Amended Complaint is not a shotgun pleading. Although Plaintiff incorporates by reference the first 88 paragraphs of the pleading, the factual allegations are not vague or immaterial. The Court finds the factual allegations obviously connect to a cause of action asserted by Plaintiff. The Court is not persuaded that the Amended Complaint fails to give Defendants "adequate notice of the claims against it and the

grounds upon which each claim rests." Vibe Micro, Inc., 878 F.3d at 1295. The motions are due to be denied as to their assertions that the Amended Complaint is a shotgun pleading.

### b. Count I – FLSA Violation: Payment of Overtime Compensation

Defendant New Home Star asserts Plaintiff fails to allege sufficient facts to state a claim under the FLSA for failure to pay overtime compensation. To state a claim for unpaid overtime compensation under the FLSA, a plaintiff must allege: (1) the defendant employed her; (2) the defendant is an "enterprise" under the FLSA or the FLSA otherwise protects the plaintiff; (3) the plaintiff worked more than 40 hours per week; and (4) the defendant failed to pay her overtime compensation as required by law. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n.68 (11th Cir. 2008) (citing 29 U.S.C. § 207(a)).

Plaintiff alleges sufficient facts to state the first, third, and fourth elements of a claim under the FLSA. She alleges Defendants jointly employed her from November 2017 until March 15, 2021 as a new home sales agent specializing in the sale of Maronda Homes's new-construction homes. (Dkt. 16 at ¶¶ 15–16) She alleges Defendant New Home Star prepared Plaintiff's payment of wages, required Plaintiff to attend weekly meetings, trainings, and classes, evaluated Plaintiff's work, and had the power to hire or fire Plaintiff. (Id. at ¶ 22) These allegations are sufficient to allege that Defendant New Home Star employed Plaintiff.

Plaintiff sufficiently alleges the third element of her claim because she alleges she regularly worked more than 40 hours per week. (Dkt. 16 at ¶ 35) See also Blake v.

9

Batmasian, 191 F.Supp.3d 1370, 1374 (S.D. Fla. June 13, 2016) ("[T]he Court rejects Defendant's argument that Plaintiff must specify the time period or approximate number of hours worked during a given period to state an FLSA claim."). Plaintiff's allegations are also sufficient to establish the fourth element of her claim because she alleges Defendant New Home Star never paid her overtime compensation for overtime hours she worked.

Plaintiff concedes the Amended Complaint does not contain facts to allege Defendant New Home Star is an enterprise whose annual gross sales is not less than $500,000 under § 203(s)(ii). (Dkt. 26 at 16–17) At this time, the Amended Complaint fails to plead the second element of Plaintiff's FLSA claim. Dismissal of Count I is appropriate for this reason.

Defendant New Home Star also asserts Plaintiff's claim under the FLSA should be dismissed because it is untimely under the FLSA's statute of limitations. A statute of limitations is an affirmative defense, and plaintiffs are not required to negate an affirmative defense in their complaint. Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred.

It is not apparent from the face of the Amended Complaint that Plaintiff's FLSA claim is time-barred. Plaintiff alleges Defendant New Home Star's failure to pay Plaintiff overtime compensation was willful, so the applicable statute of limitations is three years. (Dkt. 16 at ¶¶ 92, 94) Plaintiff initiated this action on January 13, 2023, therefore, any failure to pay Plaintiff overtime compensation after January 13, 2020 is

actionable. Defendant New Home Star employed Plaintiff from November 2017 until April 16, 2021. (Dkt. 16 at ¶ 87) Plaintiff alleges she regularly worked more than 40 hours per week throughout her employment, but Defendant New Home Star never paid her overtime compensation. Whether earlier periods are actionable under any tolling theory should be resolved after discovery. Accordingly, dismissal on statute of limitations grounds is not warranted.

Even so, Count I is dismissed for failure to state a claim because Plaintiff fails to establish Defendant New Home Star is an "enterprise" under the FLSA.

### c. Count III and V – Title VII and FCRA Violations: Gender Discrimination

Plaintiff alleges Defendant New Home Star discriminated against Plaintiff on the basis of her gender in violation of Title VII and the FCRA. To establish a prima facie case of gender discrimination under Title VII or the FCRA, a plaintiff must show (1) she was a member of a protected class, (2) suffered an adverse employment action, (3) her employer treated similarly situated male employees more favorably, and (4) she was qualified for the job.[1] See McCann v. Tillman, 526 F.3d 1370, 1373 (11th Cir. 2008). Defendant New Home Star asserts Plaintiff has not alleged facts to show she experienced an adverse employment action or Defendant New Home Star treated similarly situated male employees more favorably. (Dkt. 23 at 14) For these reasons,

---

[1] "When considering claims brought under the FCRA, Florida courts look to decisions interpreting Title VII . . . for guidance." Arnold v. Heartland Dental, LLC, 101 F.Supp.3d 1220, 1224-25 (M.D. Fla. Mar. 30, 2015) (citing Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998)); see also Castleberry v. Edward M. Chadbourne, Inc., 810 So. 2d 1028, 1030 n.3 (Fla. 1st DCA 2002). Accordingly, the Court's determination as to Plaintiff's claims under Title VII and under FCRA are the same.

Defendant argues Plaintiff's gender discrimination claims must be dismissed for failure to state a claim.

Plaintiff states sufficient facts to show she suffered an adverse employment action. Title VII prohibits discrimination with respect to an employee's "compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e–2(a). Plaintiff alleges portions of only her commissions, and not those of her male co-worker, were siphoned to other sales agents by her supervisor in violation of Defendants' cross-selling policy. (Dkt. 16 at ¶¶ 60–61) Plaintiff also alleges her supervisor required she share commissions with a coworker that she had not agreed to share. (Id. at ¶ 63) As a result, Plaintiff alleges she recovered less compensation in the form of commissions. Thus, Plaintiff's allegations show she suffered employment action that materially and adversely affected her compensation. Plaintiff's allegations satisfy the second element of a prima facie gender discrimination claim under Title VII.

Plaintiff also alleges facts sufficient to show Defendant New Home Star treated similarly situated male employees more favorably. To satisfy this element of her prima facie claim, Plaintiff must show that she and a comparator were "similarly situated in all material respects," and Defendant New Home Star treated the comparator more favorably. Lewis v. Union City, 918 F.3d 1213, 1227 (11th Cir. 2019). Plaintiff alleges Defendant New Home Star treated at least three male sales agents more favorably. Plaintiff alleges her supervisor siphoned approximately $7,000 of Plaintiff's commissions and awarded them to two male sales agents. (Id. at ¶ 61) Her supervisor

also required Plaintiff share commissions with a male sales agent which she had not agreed to share. (Id. at ¶ 63) Thus, Plaintiff, who Defendant New Home Star employed as a sales agent, identified three male sales agents who received more favorable treatment than she did in terms of their compensation. The Court finds Plaintiff's factual allegations sufficient to show that Defendant New Home Star treated similarly situated comparators more favorably.

Defendant New Home Star also argues Plaintiff's Title VII claims are time-barred. To initiate a timely claim under Title VII in Florida, a plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") within 300 days of the discriminatory act. See 42 U.S.C. § 2000e–5; Bell v. Broad Mgmt. Group, No. 22-80336-CIV, 2022 WL 18779106, at *3 (S.D. Fla. June 30, 2022) (citing E.E.O.C. v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1271 (11th Cir. 2002)). Only those claims which arose within 300 days prior to filing the discrimination charge are actionable. Joe's Stone Crabs, Inc., 296 F.3d at 1271. Here, Plaintiff filed her charge of discrimination on June 1, 2021. (Dkt. 16 at ¶ 14) Any discriminatory acts occurring after August 5, 2020 are actionable. Plaintiff alleges at least two such acts. Therefore, dismissal is not warranted.

### d. Count VII – FPWA Violation

Plaintiff alleges Defendant New Home Star violated the FPWA, which prohibits an employer from retaliating against an employee for objecting to or refusing to participate in any activity, policy, or practice of the employer which violates a law, rule, or regulation. § 448.102(3), Fla. Stat. (2023). To state a claim of retaliation under

13

the FPWA, "a plaintiff must sufficiently plead that: (1) she objected to or refused to participate in an illegal activity, policy, or practice of the defendant; (2) she suffered an adverse employment action; and (3) the adverse employment action was causally connected to her objection or refusal." Dickens v. Pepperidge Farm Inc., No. 19-cv-2529, 2020 WL 4227425, at *2 (M.D. Fla. July 23, 2020) (citing Gleason v. Roche Laboratories, Inc., 745 F. Supp. 2d 1262, 1270 (M.D. Fla. 2010)). Defendant asserts Plaintiff fails to plead sufficient facts to establish the first and third elements of her FPWA claim.

Plaintiff pleads sufficient facts to establish she objected to an activity, policy, or practice of Defendant New Home Star that violated a law. First, Plaintiff alleges Defendant New Home Star never paid overtime compensation for hours Plaintiff worked overtime in violation of the FLSA. She alleges she objected to this illegal activity in her letter to Defendant New Home Star's Human Resources. (Dkt. 16 at ¶¶ 78–79) Second, Plaintiff notified Defendant New Home Star's Human Resources about Defendant Maronda Homes's violations of Florida Statutes § 553.912. (Id. at ¶¶ 78–80) Because Defendant New Home Star employed Plaintiff jointly with Defendant Maronda Homes to sell homes built by Defendant Maronda Homes, Plaintiff's allegations that Defendant Maronda Homes's construction practices violated the law were attributable to Defendant New Home Star as well. This Court finds Plaintiff's allegations show she objected to activities or practices of Defendant New Home Star that violated the law. These allegations are sufficient to satisfy the first element of a retaliation claim under the FPWA.

14

Additionally, Plaintiff pleads sufficient facts to show her termination was causally connected to her objection to Defendant New Home Star's alleged failure to pay overtime compensation and to Defendant Maronda Homes's violations of § 553.912. She alleges, "on April 16, 2021, New Home Star terminated [her] for 'making false allegations against both New Home Star and [New Home Star's] builder client [Defendant Maronda Homes].'" (Id. at ¶ 87) This allegation is sufficient to satisfy the causation element of Plaintiff's FPWA claim. Accordingly, dismissal of Plaintiff's FPWA Claim is not warranted.

    e. **Count VIII – EPA Violation**

Plaintiff alleges Defendant New Home Star violated the EPA, 29 U.S.C. §§ 206(d) and 215(a)(3). "An employee demonstrates a prima facie case of an [EPA] violation by showing that the employer paid employees of opposite genders different wages for equal work for jobs which require equal skill, effort, and responsibility, and which are performed under similar working conditions." Steger v. Gen. Elec. Co., 318 F.3d 1066, 1077–78 (11th Cir. 2003) (internal quotations omitted). Plaintiff alleges sufficient facts to show Defendant New Home Star awarded commissions she earned to male sales agents who did not earn them. Based on these allegations, this Court finds Plaintiff's pleadings state a claim under the EPA. Consequently, dismissal of Count VIII for failure to state a claim is inappropriate.

Defendant New Home Star also asserts Plaintiff's EPA claim is time-barred by the EPA's statute of limitations. As noted above, Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint

that the claim is time-barred. Plaintiff alleges Defendant New Home Star willfully compensated male sales agents more than Plaintiff, so the applicable statute of limitations is three years. (Dkt. 16 at ¶¶ 92, 94) Plaintiff filed her complaint on January 13, 2023. (Dkt. 1) Any discriminatory acts occurring after January 13, 2020 are therefore actionable. Plaintiff alleges two such acts. Claims arising from these acts are not time-barred. Accordingly, dismissal on statute of limitations grounds is not warranted.

## IV.   CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendant New Home Star's Motion to Dismiss, (Dkt. 23), is **DENIED as to Counts III, V, VII, and VIII**.

2. Defendant New Home Star's Motion to Dismiss, (Dkt. 23), is **GRANTED as to Count I**. Plaintiff's embedded motion for leave to amend the Amended Complaint is **GRANTED**. Plaintiff may cure the deficiencies identified in this Order by filing a second amended complaint within twenty-one (21) days of the date of this Order.

3. Defendant Maronda Homes's Motion to Dismiss, (Dkt. 33), is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida this 11th day of March 2024.

/s/ Mary S. Scriven
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party