UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KATHERINE VEGA,**

    **Plaintiff,**

**v.**                                            Case No: 8:23-cv-00094-MSS-AEP

**NEW HOME STAR FLORIDA, LLC,**
**and MARONDA HOMES, LLC OF**
**FLORIDA,**

    **Defendants.**

_____

**<u>ORDER</u>**

    **THIS CAUSE** comes before the Court for consideration of the Parties' Renewed Joint Motion for Approval of FLSA Settlement and Release ("the Motion"). (Dkt. 47) The Parties request that the Court approve the settlement of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, claims. (Id.)

    A claim brought under the FLSA can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); <u>Lynn's Food Stores, Inc. v. U.S.</u>, 679 F.2d 1350, 1353 (11th Cir. 1982). Alternatively, an employee may settle and waive claims under the FLSA if the parties file a proposed settlement agreement with a district court, and the district court enters a judgment approving the settlement. <u>Lynn's Food Stores, Inc.</u>, 679 F.2d at 1353. To approve the settlement, the district court must determine whether the

settlement agreement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354–55.

On January 13, 2023, Plaintiff filed this action against Defendants. (Dkt. 1) On May 2, 2023, Plaintiff filed the Amended Complaint. (Dkt. 16) Plaintiff alleged Defendants jointly employed her and violated the FLSA by failing to pay her overtime compensation. (Id.) Plaintiff also asserted other claims not related to the alleged FLSA violations. (Id.) Now, the Parties represent that they have reached an agreement to resolve the disputed FLSA claims. (Dkt. 47)

In exchange for a release of liability under the FLSA, Defendant has agreed to pay a total amount of $5,000.00, which includes: (a) $1,500.00 to Plaintiff for alleged unpaid overtime premiums; (b) $1,500.00 to Plaintiff for alleged liquidated damages; and (c) $2,000.00 to be paid to Plaintiff's counsel for attorney's fees. (Dkt. 47-1)

The Parties have also entered into a separate Confidential Settlement Agreement and General Release to resolve Plaintiff's non-FLSA claims. Although the existence of a separate agreement settling Plaintiff's non-FLSA claims with separate consideration is not an impediment to the Court's approval of the FLSA settlement, the Court must be satisfied that the separate agreement was supported by meaningful and independent consideration and that the FLSA settlement was not contingent on Plaintiff's settlement of her non-FLSA claims. See Haywood v. Fla. Beverage Corp., No. 6:22-cv-584, 2023 WL 3975332, at *3 (M.D. Fla. Apr. 4, 2023). The Parties filed the Confidential Settlement Agreement under seal, and the Court has reviewed its terms. The Court finds the separate Confidential Settlement Agreement was supported

by meaningful and independent consideration, and the FLSA settlement was not contingent on Plaintiff's assent to the settlement of her non-FLSA claims.

Therefore, upon review of the Motion, the Settlement Agreement, and the Confidential Settlement Agreement, the Court finds that the Parties' Settlement Agreement is fair and reasonable. However, the Court's approval of this Settlement Agreement in no way alters any party's obligation to pay or withhold appropriate sums for tax purposes in accordance with the requirements of the Internal Revenue Code.

Accordingly, it is hereby **ORDERED** that:

1. The Parties' Renewed Joint Motion for Approval of FLSA Settlement and Release, (Dkt. 47), is **GRANTED**.

2. The Settlement Agreement, (Dkt. 47-1), is **APPROVED** and shall **GOVERN** the Parties' conduct in settlement of this civil action.

3. Defendant shall disburse the settlement sum, including attorney's fees and costs, as set forth herein and in paragraph 1 of the Parties' Settlement Agreement.

**DONE** and **ORDERED** in Tampa, Florida, this 26th day of June 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
All Counsel of Record
All *Pro Se* parties